UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

GLORIA J. GRILLO,

        Plaintiff,

   - against -

EVERGREENE PAINTING STUDIOS,
INC., & JEFFREY GREENE,

        Defendants.

------------------------------X

04 Civ. 06968 (PKC)

**JOINT CIVIL PRETRIAL ORDER**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/05

The parties, having conferred among themselves pursuant to Fed. R. C. P. 16 and the individual rules of Judge Castel, adopt the following statements, directions and agreements as the Pretrial Order herein.

## I: JURISDICTION

This Court has jurisdiction over plaintiff Gloria Grillo's ("plaintiff" or "Grillo") claims under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 to 2654 (the "FMLA"), and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's claims under the New York State Human Rights Law, Executive Law §§ 290 to 301 (the "Executive Law"), and the Administrative Code of the City of New York, §§ 8-101 to 8-131 (the "City Law").

Defendants EverGreene Painting Studios, Inc. ("defendant" or "EverGreene") and Jeffrey Greene ("defendant" or "Jeffrey Greene") do not contest that this Court possesses jurisdiction of this matter.

## II: SUMMARY OF CLAIMS AND DEFENSES

Plaintiff alleges that defendant EverGreene unlawfully denied her benefits to which she was entitled under the FMLA, 29 U.S.C. § 2615(a)(1), by failing to return her to the same or an equivalent position upon her attempt to return from leave.

Plaintiff also alleges that defendants violated the Executive Law and the City Law by firing her based on her disability.

Defendants allege that their treatment of plaintiff was not in any way influenced by: (1) plaintiff's FMLA leave or (2) plaintiff's disability.

Defendants allege that they did not discriminate or retaliate against plaintiff in violation of the FMLA, the Executive Law, or the City Law. Rather, defendants assert that plaintiff was not reinstated due to a combination of the following factors: (a) downward business spiral; (b) plaintiff's prior poor performance; and (c) a reorganization of defendant's office, eliminating plaintiff's position.

## III: JURY/NON-JURY

Plaintiff has demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. The parties estimate that a trial will last approximately three to five days.

## IV: TRIAL BEFORE MAGISTRATE JUDGE

The parties have not consented to trial of this matter before a magistrate judge.

## V: STIPULATED FACTS

1. Plaintiff Gloria Grillo was employed by EverGreene from February 2000 until the involuntary termination of her employment on April 27, 2004.

2. Defendant EverGreene is in a decorative arts company that provides restoration, murals, conservation, and decorative painting for public and private clients.

Law, and the City Law. 29 U.S.C. § 2611(4)(A); Executive Law § 292(5); City Law § 8-102(5).

4. Defendant EverGreene's principal place of business is in New York.

5. Defendant Jeffrey Greene is the president and owner of EverGreene.

6. Grillo joined EverGreene as an assistant project manager in the Restoration Department.

7. Grillo was involved in an automobile accident in January 2004.

8. While Grillo was recovering from the accident, doctors discovered that she had an ovarian tumor that required a full hysterectomy.

9. Ovarian cancer is a "serious health condition" under the FMLA. 29 U.S.C. § 2611(11). It is also a "disability" under Executive Law § 292(21) and City Law § 8-102(16).

10. Grillo requested and was granted leave for her hysterectomy.

11. Grillo took approximately six weeks of leave from EverGreene for the surgery and her recovery.

12. Grillo called EverGreene on April 12, 2004, and spoke to Desiree Greene ("Ms. Greene"), EverGreene's General Manager.

13. Grillo told Ms. Greene that she would be able to return to work full-time on May 3, and asked if there was any work that she could do from home during the last two weeks of April.

14. Ms. Greene said that she would speak to Jeffrey Greene and get back to Grillo; Grillo did not, in fact, hear back from Ms. Greene.

things, that she would be ready to return to work on Monday, May 3, 2004. The full contents of this e-mail are set forth in Plaintiff's Exhibit 9.

16. On April 27, 2004, Grillo received an e-mail response from Jeffrey Greene and Ms. Greene stating, among other things, that there was "not enough work in the office to support another staff member." The full contents of this e-mail are set forth in Plaintiff's Exhibit 10.

VI: **PLAINTIFF'S WITNESS LIST**[1]

1. Gloria Grillo
2. Jeffrey Greene (by deposition)
3. Desiree Greene (by deposition)
4. Joseph Braby
5. Amy Gill
6. Zack Bunkers
7. Vanessa Furnari
8. Joann Russo
9. Bendeth Vanderloan
10. Dr. Austin Chen, M.D.
11. Anthony Grillo
12. Danielle Grillo

---
[1] Plaintiff reserves the right to call additional rebuttal witnesses.

## VII: DEFENDANTS' WITNESS LIST

A. Jeffrey Greene
B. Desiree Greene
C. Walter Zylinski
D. Robin Roi
E. Irene Gemelos
F. William Mensching
G. Sherry Thomas
H. Christina Grinnell
I. Kristin Solary
J. David Cloyd
K. Kim Lovejoy
L. Luis Angarita
M. Richard Tobin
N. Denise Vasaya
O. Bonnie VanDerWeld
P. M.K. Adams
Q. Tracy VanlenWeld

OK[?]

## VIII: PLAINTIFF'S DEPOSITION DESIGNATIONS[2]

| Deposition | Page:line #'s | Objections/Counter Designations |
|---|---|---|
| Deposition of Jeffrey Greene | 110:10-11 | For the purpose of all of plaintiff's designations, defendants' objections were made on the record during the depositions. |
| | 119:19-24 | |
| | 119:25, 120:2-22 | |
| | 121:2-11; 121:17-20 | |
| | 145:6-13 | |
| | 154:7-161:16 | |
| | 167:12-169:19 | |
| | 176:3-176:19 | |
| | 188:6-189:19 | |
| | 203:4-206:9 | |
| | 228:14-25; 229:1-14 | |
| | 229:20-25 | |
| | 231:5-19 | |

[2] Either party may use excerpts from the deposition of any witness who is unavailable pursuant to Fed. R. Evid. 804 (b)(1).

| Deposition | Page:line #'s | Objections/Counter Designations |
|---|---|---|
| | 233:23-25 | |
| | 234:2-25 | |
| | 235:2-28 | |
| | 236:4-25; 237:2-7 | |
| | 239:2-25; 240:2-8 | |
| | 241:14-242:7 | |
| | 259:17-260:5 | |
| | 264:10-25; 265:2-5 | |
| | 268:3-25; 269:2-25; 270:2-4 | |
| | 271:21-272:2 | |
| Deposition of Desiree Greene | 25:2-18 | |
| | 25:25; 26:2; 26:8-22 | |
| | 27:6-9 | |
| | 28:5-13 | |
| | 28:24-25; 29:1-22 | |
| | 55:15-21 | |
| | 66:3-12 | |
| | 87:14-25 | |
| | 88:12-25 | |
| | 89:1-20 | |
| | 90:1-13 | |
| | 90:25 | |
| | 91:1-25 | |
| | 92:1-25 | |
| | 93:1-3 | |
| | 100:22-25 | |
| | 101:11-14 | |
| | 106:23-25 | |
| | 107:22-25 | |
| | 108:2 | |
| | 110:11-21 | |
| | 112:2-25 | |
| | 113:1-25 | |
| | 114:1-9 | |

227817 v1

## IX: DEFENDANTS' DEPOSITION DESIGNATIONS[3]

| Deposition | Page:line #'s | Objections/Counter Designations |
|---|---|---|
|  |  |  |
|  |  |  |

## X: PLAINTIFF'S EXHIBITS WITH OBJECTIONS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes; or (b) for good cause if its exclusion from the pretrial order is shown.[4] Any objections not set forth shall be considered waived absent good cause shown.

| EXHIBIT | DESCRIPTION | OBJECTIONS | NO OBJECTION TO AUTHENTICITY * / NO OBJECTIONS** |
|---|---|---|---|
| 1. | Advertisements and notes from plaintiff's job search, 000001-4; 17; 21; 25; 27; 28; 30; 34; 36-37; 41; 43-47 |  | ** |
| 2. | Cover letters and resumes from plaintiff's job search, 000005-18; 22; 26; 29; 31-33; 35; 38; 38-40; 42; 50-68; 70-71; 79-90; 92-105 |  | ** |
| 3. | Construction Administrator Brochure, 000073-74 |  | ** |
| 4. | Email from Sharon Humphreys to Gloria Grillo dated October 12, 2004, 000019-20 |  | ** |

---

[3] Either party may use excerpts from the deposition of any witness who is unavailable pursuant to Fed. R. Evid. 804 (b)(1).

[4] Each party reserves the right to use exhibits on the other party's exhibit list.

| EXHIBIT | DESCRIPTION | OBJECTIONS | NO OBJECTION TO AUTHENTICITY * / NO OBJECTIONS** |
|---|---|---|---|
| 5. | Letter from Gloria Grillo to Joseph Braby dated December 16, 2004, 000069 | | ** |
| 6. | Documents relating to plaintiff's tea business, 000106-119 | | ** |
| 7. | EverGreene Painting Studios Vacation Request Form, 000048-49 | | ** |
| 8. | Email from DreamofLuLu@aol.com to Gloria Grillo dated June 6, 2001, 000091 | | ** |
| 9. | Email from Kim Lovejoy to Gloria Grillo dated May 7, 2004, forwarding email, 000075 | | ** |
| 10. | Email from Jeff Greene to Gloria Grillo dated April 27, 2004, 000076 | | ** |
| 11. | Email from Irene Gemelos to Gloria Grillo dated May 3, 2005, 000077 | | ** |
| 12. | Email from Irene Gemelos to Gloria Grillo dated May 5, 2005, 000078 | | ** |
| 13. | Email from Christina Grinnell to Gloria Grillo dated May 21, 2003, D000001-2 | | ** |
| 14. | Email from Christina Grinnell to Gloria Grillo dated December 27, 2002, D000004 | | ** |
| 15. | Email from Christina Grinnell to Gloria Grillo dated January 2, 2003, D000006 | | ** |
| 16. | Email from Desiree Greene to Gloria Grillo dated January 19, 2004, D000013 | | ** |

| EXHIBIT | DESCRIPTION | OBJECTIONS | NO OBJECTION TO AUTHENTICITY * / NO OBJECTIONS ** |
|---|---|---|---|
| 17. | Email from Jeff Greene to Gloria Grillo dated April 27, 2004, D000014 | | ** |
| 18. | New Employee Form, Gloria Grillo, D000015 | | ** |
| 19. | EverGreene Painting Studios Employee Handbook, Effective 1/2001, D000024-45 | | ** |
| 20. | EverGreene Painting Studios Employee Benefit Outline, 2004-2005, D000046 | | ** |
| 21. | Quarterly Combined Withholding, Wage Reporting and Unemployment Insurance Return -- Attachment, EverGreene Painting Studios, April 1 - June 20, 2004, D000063-68 | | ** |
| 22. | EverGreene Painting Studios, Inc., Financial Statements, September 30, 2003, D000069-78 | | ** |
| 23. | Office Personnel List, D000079 | | ** |
| 24. | New Hire Form, Bonnie Kramer, D000113 | | ** |
| 25. | New York Times Advertising Invoice, dated May 24, 2004, D000154 | | ** |
| 26. | EverGreene Painting Studios, Inc., Regular Employee Benefits – Time Off, D000188 | | ** |
| 27. | Civil Docket Sheet, U.S. District Court, District of Columbia, Civil Docket for Case #: 1:03-cv-02473-JDB | | ** |

9

227817 v1

| EXHIBIT | DESCRIPTION | OBJECTIONS | NO OBJECTION TO AUTHENTICITY * / NO OBJECTIONS** |
|---|---|---|---|
| 28. | Defendants' Answer to the Amended Complaint, dated December 27, 2004 | | ** |
| 29. | Defendant's Mandatory Disclosure, dated October 19, 2004 | | ** |
| 30. | Defendant's Supplemental Mandatory Disclosure, dated October 22, 2004 | | ** |
| 31. | Defendant's Answers to Plaintiff's First Set of Interrogatories and First Set of Document Requests, dated December 27, 2004 | | ** |
| 32. | Defendant's Supplemental Answers to Plaintiff's First Set of Interrogatories and First Set of Document Requests, dated January 3, 2005 | | ** |
| 33. | Letter from Rich Howard to Kevin Mintzer, dated March 8, 2005, portions regarding EverGreene's email system and plaintiff's bonus history at EverGreene | | ** |
| 34. | Damages Chart | | ** |

## XI: DEFENDANTS' EXHIBITS WITH OBJECTIONS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes; or (b) for good cause if its exclusion from the pretrial order is shown.[5] Any objections not set forth shall be considered waived absent good cause shown.

| EXHIBIT | DESCRIPTION | OBJECTIONS | NO OBJECTION TO AUTHENTICITY* / NO OBJECTIONS** |
|---|---|---|---|
| A. | Email to ggrillo from Dream of LuLu dated 7/29/03, D000009 | Plaintiff objects on the grounds of hearsay and relevance. | |
| B. | Email to jgreene from Dream of LuLu dated 12/27/02 D000003 | Plaintiff objects on the grounds of hearsay. | |
| C. | Email from Dream of LuLu to ggrillo dated 12/27/03, D000004 | Plaintiff objects on the grounds of hearsay and relevance. | |
| D. | Email from ggrillo to Christina Grinnell dated 12/31/03, D000005 | | ** |
| E. | Email from Christina Grinnell to Gloria Grillo dated 1/02/03, D000007 | Plaintiff objects on the grounds of hearsay and relevance. | |
| F. | Complaint in IUPAT v. EverGreene Painting Studios, Inc. | Plaintiff objects on the grounds of hearsay and relevance. | |
| G. | EverGreene sales records from 1/1/02 – 4/27/04 | Plaintiff objects to the use of EverGreene's sales records at trial; in spite of numerous requests for EverGreene's financial information, these documents have never been produced to plaintiff. Plaintiff reserves the right to make further objections to EverGreene's sales records once they have been produced. | |

[5] Defendants reserve the right to use exhibits on plaintiff's exhibit list.

Dated: New York, New York
June 6, 2005

VLADECK, WALDMAN, ELIAS
& ENGELHARD, P.C.

By: /s/ KTM
Kevin T. Mintzer (KM 4741)
Michele Host (MH 2557)
Attorneys for Plaintiff
1501 Broadway, Suite 800
New York, New York 10036
Telephone: (212) 403-7300
Facsimile: (212) 221-3172
E-mail: kmintzer@vladeck.com

KAUFMAN, SCHNEIDER & BIANCO, LLP

By: /s/ Richard M. Howard
Richard M. Howard (RMH-2932)
Kaufman Schneider & Bianco, LLP
Attorneys for Defendants
390 North Broadway
Jericho, NY 11753
Telephone: (516) 681-1100
Facsimile: (516) 681-1101
E-mail: mh@managementattorney.com

See addendum

/s/ _____
U.S.D.J.

6-10-05